UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 04-20132-JWL** |
| v. ) | **07-02519-JWL** |
| ) | |
| **SHAKIR ABDUSH-SHAKUR,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

In December 2003, an indictment against the defendant Mr. Shakir Abdush-Shakur in Case No. 03-20065 was dismissed after the government filed a motion to dismiss pursuant to Federal Rule of Criminal Procedure 48, as a result of the prosecutor's illness. In December 2004, after reindictment, a jury found the defendant Mr. Abdush-Shakur guilty of attempted murder of a corrections officer and possession of a handmade knife while Mr. Abdush-Shakur was a prison inmate. The court sentenced him to 240 months imprisonment on March 17, 2005. Subsequently, Mr. Abdush-Shakur challenged his conviction on appeal and the Tenth Circuit affirmed.

This matter comes before the court on Mr. Abdush-Shakur's petition to vacate, set aside, or correct his sentence through habeas review under 28 U.S.C. § 2255 on four grounds. Mr. Abdush-Shakur alleges in the first three related claims that the district court refused to decide

whether to dismiss the first indictment with or without prejudice, violating his Fifth Amendment protection against double jeopardy and Sixth Amendment right to effective assistance of counsel. He also alleges that his conviction should be set aside due to prosecutorial misconduct surrounding the first indictment dismissal. For the reasons explained below, the court denies Mr. Abdush-Shakur's request to vacate or set aside his sentence.

## LEGAL STANDARD FOR A § 2255 MOTION

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir .1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999), quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995); *see also United States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, *3 (10th Cir. 1997) (table opinion) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

## DISCUSSION

1. The record contradicts Mr. Abdush-Shakur's contention that the court refused to decide whether to dismiss the first indictment with prejudice or without prejudice.

2

Mr. Abdush-Shakur alleges that the court reserved the determination of whether to dismiss the first indictment with or without prejudice, so the dismissal must be considered with prejudice. He claims that as a result of this the subsequent indictment and conviction violated his rights against double jeopardy. He also alleges his counsel was ineffective when counsel "set [*sic*] by idly" and did not explore the issue further of whether the dismissal was with or without prejudice.

Mr. Abdush-Shakur's assertion is contradicted by the record. The court dismissed the first indictment without prejudice. This primarily is evidenced by the Order dated December 11, 2003, which states, "For the reasons set forth fully in the record of the hearing held on December 8, 2003, the court grants the government's motion to dismiss the indictment *without prejudice* under Federal Rule of Criminal Procedure 48(a). (Doc. 23)." (doc. 26) (emphasis added); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 460 (10th Cir. 2006) (on defendant's direct appeal, the Tenth Circuit stated, "On December 8, 2003, the indictment was dismissed *without prejudice* over the objection of Abdush-Shakur" (emphasis added)). The court also stated at the hearing on the government's motion to dismiss, ". . . I'm granting the motion *as made*, but that does not keep the defendant from raising issues on a motion to dismiss later." Transcript, p. 12 (doc. 94-6). The government's motion was "made" with a request that the dismissal be without prejudice. Therefore, when the motion was granted "as made," it was granted without prejudice.

3

Mr. Abdush-Shakur points to portions of the transcript to refute this.[1]  The court, however, at the same time it said it was granting the motion as made, explained that the issue of dismissing with or without prejudice could be *re*visited and the defendant was not foreclosed from raising this issue again by filing a motion to dismiss upon reindictment.  The court was referencing the concept from *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984).  A court may review its decision to dismiss a prior indictment without prejudice, "in effect altering the first dismissal to one with prejudice," to take into account factors that have arisen between the two occurrences.  "A decision granting a motion to dismiss an indictment without prejudice is no less reviewable after the government secures a second indictment against the defendant." *Id.* at 619; *see also* Clerk's Courtroom Minute Sheet, (doc. 25), Case No. 03-20065, December 8, 2003 (after the hearing on the motion to dismiss the first indictment against Mr. Abdush-Shakur, the court's minute sheet indicated that the "Motion is granted as made but motions may be filed at a

---

[1] The defendant primarily references the following section, in which the court stated in response to the government's inquiry about whether the dismissal was with or without prejudice,

> I believe from what I've read that it is properly ducked and not decided at this juncture.  I've looked at this before and not decided that very point.  The Tenth Circuit tells us that that is an issue to be revisited if and when there is a subsequent indictment in the case.  But based on everything I've seen to date, I see no reason to believe that the dismissal should be otherwise than without prejudice, but that does not - - the defendant is not prohibited from moving to dismiss a refiled indictment under circumstances like this, and I think that's the wisdom that the Tenth Circuit has left us with, so I'm granting the motion as made, but that does not keep the defendant from raising issues on a motion to dismiss later.  I leave it to him to raise those issues or not if the indictment is refiled, and as I say, what has been brought to my attention in connection with this motion would certainly indicate there's been no improper conduct on behalf of the government and that all is as it appears to be, but the circuit has cautioned that we let that abide the refiling.

Transcript, p. 11-12 (doc. 94-6).

4

later date," which is consistent with the *Derr* holding).  The explanation of this future possibility does not mean, nor did the court ever say or intend, that the first indictment was dismissed with prejudice.  Instead, the motion was granted without prejudice, and the future possibility of revisiting the issue was explained.  Because Mr. Abdush-Shakur's factual allegation is contradicted by the facts in the record, his right against double jeopardy was not violated, his counsel was not ineffective, and no evidentiary hearing or relief is warranted.

2. Even if the facts are as Mr. Abdush-Shakur alleges, dismissals pursuant to Federal Rule of Criminal Procedure 48 are presumed to be without prejudice.

Mr. Abdush-Shakur alleges that where the court leaves open the determination of whether to dismiss with or without prejudice, the dismissal is automatically with prejudice.  He cites no legal precedent for this claim.  In actuality, when there is a dismissal pursuant to Federal Rule of Criminal Procedure 48, it is presumed to be *without* prejudice.  "The rule is that when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) (stating the same principle and citing cases from the Fourth, Fifth, and Eighth Circuits); *see also United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991) ("Generally, unless a contrary intent is clearly expressed, rule 48(a) dismissals are without prejudice."); *United States v. Stoker*, 522 F.2s 576, 580 (10th Cir. 1975) (where the grant of dismissal pursuant to Rule 48 did not indicate whether it was with or without prejudice, the Tenth Circuit explained that the dismissal was without prejudice: "[a] dismissal resting on a non-constitutional grounds . . . is normally without prejudice" and "the phrase 'failure to diligently prosecute the action' [in the order] and the absence of a specific indication that the

5

dismissal is 'with prejudice' indicate that the dismissal is 'without prejudice'").  At the hearing it was never "expressly stated," nor was there a clear intent that the dismissal was "with prejudice."  Thus, even if one accepted that no determination was made, the motion is presumed to be dismissed without prejudice.  Mr. Abdush-Shakur's factual and legal bases for the first three inter-related claims are without merit.

   3. There was no prosecutorial misconduct.

Mr. Abdush-Shakur claims there was prosecutorial misconduct when the prosecutor, Ms. Berger, was not prepared to begin trial in December 2007, as originally scheduled.  As evidenced by the hearing transcript and the doctor's note admitted into evidence at the hearing, the dismissal was because the prosecutor was diagnosed with pneumonia and was unable to work until after the trial was supposed to begin.  Mr. Abdush-Shakur alleges that the prosecutor was due to return to work "anywhere between the 3rd of December to the 10th of December."  Motion under 28 U.S.C. § 2255, Memorandum C (doc. 94-4).  He bases his claim of prosecutorial misconduct on the fact that she was due to return during this timeframe and his unsupported belief that the prosecutor did return to work before December 10.

First, just as his prior claims, Mr. Abdush-Shakur's final claim also is contradicted by the record.  The doctor's note was admitted into evidence as Exhibit One during the December 8, 2003 hearing.  The note, dated December 4, 2003, reads, "Kim Berger was seen in our [Nicholas J. Michalski, M.D.'s] office today, and was diagnosed with pneumonia.  She will be unable to work for 1 week."  Ms. Berger was not due back "anywhere between the 3rd of December to the 10th of December," as Mr. Abdush-Shakur alleges in his Motion.  She was unable to work until at least December 11, after the trial was scheduled to begin.  Mr. Abdush-

6

Shakur's skewed version of the facts does not entitle him to relief or an evidentiary hearing. *See* 28 U.S.C. § 2255.

Additionally, even if the facts were as Mr. Abdush-Shakur alleged, his claim would still be without merit. When evaluating potential prosecutorial misconduct, there is a two-part test. "First, we decide whether the conduct was improper. Second, we decide whether the conduct, if improper, warrants reversal. The general focus of the second part of the test focuses on whether the prosecutor's conduct affected the fairness of the trial." *United States v. Apperson*, 441 F. 3d 1162, 1207 (10th Cir. 2006) (internal citations omitted).

At the hearing, the court found that the government's motive to dismiss the indictment was not to harass the defendant, but rather due to the prosecutor's illness diagnosed days before the trial was scheduled to begin. The doctor's note presented to the court indicated the prosecutor was seen on December 4 and was unable to work for a week. The hearing on the motion to dismiss was on December 8, and another government attorney filled in for Ms. Berger. She was not even present for that hearing because of her illness, just a day before the scheduled trial. The record clearly shows that the prosecutor's absence and the dismissal of the indictment was due to her illness. Regardless of whether the prosecutor returned on December 9th, 10th, 11th, or any day thereafter, the court does not find that conduct improper or that it warrants reversal. Mr. Abdush-Shakur, therefore, cannot satisfy the test for prosecutorial misconduct. Even if the facts were as he alleged, he would not be entitled to relief. His final claim is denied and an evidentiary hearing is unnecessary.

**CONCLUSION**

7

Mr. Abdush-Shakur's claims are all without merit and the alleged factual bases are contradicted by the record. There is no basis to grant an evidentiary hearing or grant the section 2255 motion on the merits.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Abdush-Shakur's Motion to Vacate under section 2255 (doc. 94) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of January, 2008.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge