IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                     **Case No. 04-20132-JWL**

**Shakir Abdush-Shakur,**

       **Defendant.**

## MEMORANDUM AND ORDER

In December 2004, defendant Shakir Abdush-Shakur was convicted of attempted murder, and possession of a handmade knife by a prison inmate, arising out of the May 2003 stabbing of a prison officer while defendant was an inmate at the United States Prison at Leavenworth. In May 2005, defendant was sentenced to a total of 240 months imprisonment. The Tenth Circuit affirmed defendant's conviction on direct appeal. *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006). Thereafter, this court denied defendant's § 2255 petition and the Circuit dismissed defendant's appeal of that decision. He is incarcerated at USP Florence High and his projected release date is June 1, 2031.

This matter is presently before the court on defendant's motion to appoint counsel to assist him with filing an anticipated motion for compassionate release (doc. 114). The motion is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including

the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant at this juncture.  Because defendant has not yet filed a motion for compassionate release, the court cannot assess whether the substantive merits of defendant's motion might warrant appointing counsel. Moreover, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. Once defendant files his motion for compassionate release, then, that motion will be reviewed by the Federal Public Defender in the first instance.  If the Federal Public Defendant declines to enter an appearance on defendant's behalf, defendant may renew his request for counsel at that point.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to appoint counsel (doc. 114) is denied.

---

[1] On January 10, 2022, the Office of the Federal Public Defender notified the court that it had reviewed defendant's motion for appointment of counsel and did not intend to enter an appearance on his behalf.  If, however, defendant files a pro se motion for compassionate release, the court requests that the Federal Public Defender review the substance of that motion and notify the court whether it intends to enter an appearance.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
