IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                          Case No. 04-20132-JWL

**Shakir Abdush-Shakur,**

      **Defendant.**

## MEMORANDUM & ORDER

In December 2004, defendant Shakir Abdush-Shakur was convicted of attempting to murder a corrections officer and possessing a handmade knife as a prison inmate. In May 2005, defendant was sentenced to a total of 240 months imprisonment. The Tenth Circuit affirmed defendant's conviction on direct appeal. *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006). Thereafter, this court denied defendant's § 2255 petition and the Circuit dismissed defendant's appeal of that decision. He is incarcerated at USP McCreary and his projected release date is June 1, 2031. This matter is presently before the court on defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel to assist him with that motion (doc. 117). The motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2)

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.[1]

In his motion, defendant seeks a sentence reduction for health reasons (he asserts, and the medical records support, that he has asthma and high blood pressure and that he had a hip replacement more than 10 years ago) and his rehabilitation efforts. While defendant lists his medical conditions, he does not do more than that. Defendant does not offer any argument or evidence as to how these medical conditions might warrant a reduced sentence. He does not assert that these conditions impact his daily activities in any way or that the Bureau of Prisons has been unable to treat these conditions. He does not mention COVID-19 or attempt to link these conditions to concerns about COVID-19. Moreover, the medical records submitted by the government reflect that defendant's health is stable under the treatment plan presently in place. Defendant, then, has wholly failed to show that his health constitutes an extraordinary and compelling reason for a sentence reduction. That leaves only defendant's argument concerning rehabilitation. It is beyond dispute, however, that "[r]ehabilitation of the defendant alone shall

---

[1] The government has not challenged defendant's evidence that he has exhausted his administrative remedies. Any argument about exhaustion, then, has been waived. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.[1]

In his motion, defendant seeks a sentence reduction for health reasons (he asserts, and the medical records support, that he has asthma and high blood pressure and that he had a hip replacement more than 10 years ago) and his rehabilitation efforts. While defendant lists his medical conditions, he does not do more than that. Defendant does not offer any argument or evidence as to how these medical conditions might warrant a reduced sentence. He does not assert that these conditions impact his daily activities in any way or that the Bureau of Prisons has been unable to treat these conditions. He does not mention COVID-19 or attempt to link these conditions to concerns about COVID-19. Moreover, the medical records submitted by the government reflect that defendant's health is stable under the treatment plan presently in place. Defendant, then, has wholly failed to show that his health constitutes an extraordinary and compelling reason for a sentence reduction. That leaves only defendant's argument concerning rehabilitation. It is beyond dispute, however, that "[r]ehabilitation of the defendant alone shall

---

[1] The government has not challenged defendant's evidence that he has exhausted his administrative remedies. Any argument about exhaustion, then, has been waived. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t); *see also McGee*, 992 F.3d at 1043. This aspect of defendant's motion, then, is denied.

Lastly, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And here, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. In addition, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. Recently, the Federal Public Defender notified the court that it had reviewed defendant's motion and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel to assist him with that motion (doc. 117) is denied.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2023, at Kansas City, Kansas.

      s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge